J-S74030-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.L.D., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| C.L.B., | : | |
| | : | |
| Appellee | : | No. 1598 EDA 2014 |

Appeal from the Order Entered April 30, 2014,
in the Court of Common Pleas of Philadelphia County,
Domestic Relations at No. 0C0707383

BEFORE:  BENDER, P.J.E., DONOHUE and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED JANUARY 14, 2015**

I respectfully dissent.

The trial court failed to discuss the seventeen statutory factors, found at 23 Pa.C.S. § 5328(a), on the record in open court or in a written opinion filed contemporaneously with the court's custody order.  I therefore agree with the Majority's conclusion that, pursuant to this Court's holding in ***C.B. v. J.B.***, 65 A.3d 946 (Pa. Super. 2013), the court's failure in this regard constituted error.  However, unlike the Majority, I believe that ***C.B.*** requires this Court to vacate the trial court's custody order and remand the matter to that court.  ***See C.B.***, 65 A.3d at 955 ("[W]e now hold that [23 Pa.C.S. §] 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen factors prior to the deadline by which a litigant must file a notice of

_____

* Retired Senior Judge assigned to the Superior Court.

appeal."); *id.* ("[F]rom this day forward, trial courts must comply with the Act as we construe it herein.").

Given the time sensitive nature of custody matters, I can appreciate the Majority's inclination to insert a prejudice standard into **C.B.**'s holding. *See* Majority Memorandum at 10 ("To vacate the trial court's April 30, 2014 order on such a procedural technicality in the absence of prejudice to the appellant would be to elevate form over substance."). However, **C.B.** does not require an appellant to prove prejudice under these circumstances. Moreover, because I agree with the Majority that the trial court erred in its assessment of several of the seventeen factors, I do not believe that this case represents a good candidate for a finding that the court's error did not prejudice Mother.

For these reasons, I would vacate the trial court's order and remand for further proceedings.